I believe I've reached a letter, it's Demetrius Ross, appellate, by Paul Rogers. Mr. Rogers, you may proceed. Thank you, Your Honor. Good morning. My name is Paul Rogers. I'm from the State Appellate Defender's Office. I represent Demetrius Ross. I'd like to begin by narrowing the issues some. I see no reason to address the second issue, which concerns sentence credit, as the State has conceded that we are correct on that issue. So I'd like to focus on the first issue, which is whether the defendant is entitled to relief on his specific ineffective assistance of counsel claim identified in the brief. And with respect to that issue, I think it's important to keep in mind that the State has not argued either that Mr. Weinberg would have acted reasonably if he told the defendant that he would have had to serve 85 to 100 percent of the sentence after trial, but only 50 percent if he accepted the plea bargain or the plea offer. Neither has the State argued that there was no reasonable possibility that Mr. Ross would have gone to trial but for that error by counsel. So, in short, the State is not challenging the merits of the claim, but is rather challenging the sufficiency of the proof presented during the post-conviction proceedings. What was it? Was it waived? Was it dropped? Was it just in the claim, right? At the hearing itself, what was the testimony? There was no testimony at the hearing, however. That seemed very strange. Does that suggest an intentional, we're going to let that go? No, I don't think it – I think that's one possibility, but I think that absent – well, let me back up for a second. Because all we have here is the minimus in the big picture about sentencing credit, right? In terms of testimony? No, there was testimony about what happened at this conference between Mr. Weinberg and Mr. Ross immediately prior to the entry of the plea on, I believe, November 15th of 1996, when Mr. Ross was claiming that there were various threats made and so forth. But there are only two witnesses at the evidentiary hearing, Mr. Ross and Mr. Weinberg. Yeah, but I'm talking about the subject matter. I mean, one issue, if he were to prevail, is about 19 years off his sentence. I mean, if that were true, it was day-for-day credit, right? Right, and he was entitled to day-for-day credit. Pardon? He was entitled. The mistake was that Mr. Weinberg gave him the false impression that if he went to trial, he would have to serve more time than if he didn't go to trial. And so that induced the guilty plea. And where's the evidence of that? The evidence of that is in the – I'm not going to call it an affidavit because it's not notarized and it doesn't count as an affidavit. But it was in the statement that was sworn under the section of the Code of Civil Procedure, and that was attached to one of the amended post-conviction petitions, one of the pro se amended petitions. Mr. Niemann, who was appointed as post-conviction counsel, incorporated all of the pro se pleadings into his amended pleading. Never withdrew that specific claim. Admittedly did not present a genuine affidavit that was notarized or have Mr. Ross testify about that at the evidentiary hearing. So my position really is pretty simple. It is that the state is sort of caught in this fatal dilemma. Either there was enough factual support to back up this claim and to warrant relief on the claim, or there wasn't. And if there wasn't, the appropriate relief is not to affirm the denial of the petition, but rather to send it back so that there can be further evidentiary hearing on that. Well, where's the support for that? I mean, the evidentiary hearing is to put on evidence your claim, right? Mr. Defendant, testify away. Okay. And then he puts on no evidence of what the plaintiff is pleading, which was the purpose of the hearing, correct? Yes. And you say, well, okay, you failed. You didn't do it. So under what's the law to support? Well, do it again and try to do better. The law to support that is what I've cited in the brief, which is the second district decisions in both Nitz and Turner, which say that now those cases dealt with the absence of verification affidavits at the second stage. What those cases stand for, though, is a proposition that I think it applies equally well here, where you're talking about the failure to present an affidavit or testimony at an evidentiary hearing, that where you have a claim that it's in a pro se amended petition, you're post-conviction counsel and you've incorporated that into your own amended petition, you are on notice from the state in their answer to the amended petition that that particular claim hasn't been supported by affidavit, and you get to the evidentiary hearing and you don't present evidence and you don't have Mr. Ross sign an affidavit. Now, under those circumstances, I think that that's unreasonable assistance of post-conviction counsel, and that's what Nitz and Turner hold, and I think that's appropriate. You can't infer under these circumstances that this was an intentional withdrawal of a claim as opposed to a negligent omission, negligent failure to support the claim. Mr. Neiman, post-conviction counsel, never said, Your Honor, I'm withdrawing that particular ineffective assistance claim. Never filed a second amended pleading. So there's no reason to assume that he intentionally withdrew that because he thought it was false or he couldn't support it. All we know is he didn't support it. Mr. Ross signed a statement saying, This is what happened. I was told that if I went to trial, I'd have to do more time than if I didn't go to trial. So I decided not to go to trial. Well, he wouldn't be the first witness or defendant or anybody else to say something, write something down, and then when put under the hot lights in a courtroom to say something else or not say what he said before, right? That's obviously true. However, he was not put under the lights hot or otherwise in Rock Island County because he was never asked about this by his own attorney at the post-conviction evidentiary hearing. He can't volunteer that information. That would be inappropriate for a witness to do. He has to be asked the question. Now, for all we know, if we want to speculate, after the evidence hearing was over, Mr. Ross might have turned to Mr. Newman and said, Why didn't you ask me about what he told me about how much time I would have to serve? We don't know that that happened. That very well could have happened. And so I think under the circumstances, again, just to back up a little bit, my position is that Mr. Ross's sworn statement should count as It's not an affidavit, but under the Post-Conviction Hearing Act, the defendant may submit and the court may consider, in addition to affidavits, testimony and other evidence. And I've taken the position that the sworn statement should count as other evidence. Obviously, I'm not going to go so far as to claim that a trial court has to just take that at face value and give that credibility. But where it's unrebutted, I think that there is a reasonable basis then to conclude that the claim has been established. Well, it's hearsay, isn't it? No, it's not hearsay because In theory, you try to admit that at trial. Here's a statement that somebody wrote down on a piece of paper. Well, it's What is that document? And if you've got an evidentiary hearing, what is that document? It's a prior consistent statement, and it's something that was sworn to out of court. I wouldn't say it's hearsay in that sense, but it's not hearsay in the sense that this is It's not double hearsay. This isn't something that Mr. Ross isn't saying. Somebody told me that Mr. Weinstein said. But to get a prior consistent statement, there's got to be a suggestion at the hearing that he is making up a story now that he recently fabricated a story, right? That he's lying on a stink. Right, yes. And he said, no, here's my prior consistent statement. But that didn't happen here. So it can't come in as a prior consistent statement in the evidence of an evidentiary hearing. That's not feasible, though. I'm not saying that it was evidence presented at the hearing. I'm saying it's part of the record. And under 122-6 of the Post-Conviction Hearing Act, the court, in disposing of a petition, can consider affidavits, can consider the record, affidavits, testimony, and other evidence. The sworn statement is other evidence that's in the record. Now, so I think that the trial court could have relied on that and said, I have a sworn statement. I haven't heard any testimony about it. But on the other hand, the state, when they put Mr. Weinberg on the stand, didn't have him refuted. And they certainly could have. It wouldn't have been outside the scope because you're not cross-examining. You're putting on your own witness. And nobody addressed it. It just got forgotten. And so if this court doesn't accept the proposition that the sworn statement counts as other evidence and that, therefore, the record was sufficient to grant the post-conviction petition and allow Mr. Ross to withdraw his plea, I do think that under the circumstances, essentially, Mr. Neiman, post-conviction counsel, didn't do his job. Well, so here's my problem is what I'm seeing with that is you get a post-conviction petition to the third stage, the judge says you didn't support your claims with evidence, denied, come to the appellate court, and then we say, well, you should have put on evidence of that. Go do it again. Is that going to be the law? The law is that a post-conviction petitioner is entitled to the reasonable assistance of counsel in the trial court. And it's part of this court's job to make the determination whether the defendant received that in the trial court proceedings. And the record here shows, if you follow Nitz and Turner and if you follow the logic of that, that this is something that could have easily been cured by post-conviction counsel, either by overtly, affirmatively withdrawing that claim, saying we are not making it, I'm not going to present any evidence on it, or file a second amended petition that doesn't include that, or have Mr. Ross testify about it. But to assume ineffective assistance, you have to show the result would have been different. So we would need to make the assumption that, A, if he had been asked, he would have said, yep, my lawyer told me that. And the lawyer, lawyer, you tell him that, one of two things. Yep, I told him that. Sorry, I screwed up. Okay. Or if the lawyer says, no, I didn't tell him that, and then the judge says, well, I believe the defendant. Because you've got to, for ineffective assistance, the second prong is the result would have been different. Right. So for us to assume ineffective assistance, we've got to assume one of those two things. Either, A, the lawyer would have conceded had he been called that, yeah, I told him that. Or, B, if the lawyer had said, no, I didn't tell him that, that the judge would have more likely believed the defendant. Because you've got to show the result. Those are the only two ways the result would have changed. That's correct. But we need an evidence of your hearing on that. We don't know how an evidence of your hearing would have played out, how Mr. Ross would have stood up on the cross-examination. And on an ineffective assistance claim, whose burden is it to show, to establish the two Strickland prongs? It's yours, isn't it? Yeah, but I think, with all due respect, Your Honor, I think you're missing the point. I'm not talking about the underlying ineffective assistance claim here. The alternative relief that I'm asking for is based on the unreasonable assistance by post-conviction counsel, Mr. Neiman, not by the trial attorney. Exactly. And the unreasonableness of Mr. Neiman's assistance is simply that he did not ask Mr. Ross the question. On an amended complaint from second stage, right? Yes. That included it? Yes. And, again, just to reiterate this, the State had put Mr. Neiman on notice when it filed its answer to an amended petition saying, oh, by the way, this claim about what Mr. Weinstein said about the good time credit, there's no affidavit for that. Well, if I'm post-conviction counsel and I get that answer from the State, I make a note saying, need affidavit, need him to testify. And I make sure I ask that question at the evidence of your hearing. Because if I don't, my client never gets the chance to prove that. But as we're talking, and if I'm missing a point, as I'm sure people in the room will back me up, it wouldn't be the first time. But if we're assuming ineffective assistance of post-conviction counsel, it still goes back to the same thing. To establish that post-conviction counsel was ineffective, you've got to show, A, the scenario I handed you before, one of those two things, to show that if post-conviction counsel had asked those questions, the result would have been different. His PC would have been granted. And then you've got to assume one of those two things. Either, A, the defense lawyer would have said, yeah, that's right, I gave him the wrong info, my bad. Or, B, if he had said, no, I didn't tell him that, judge, then the judge would say, well, I don't believe you, Mr. Lawyer, I believe the defendant. Because that's the second prong, is your burden to show that had post-conviction counsel asked those questions, the result of the post-conviction hearing would have been different. And that's your burden. Well, I agree that it's, I'll accept, anyway, the burden of showing unreasonable assistance of post-conviction counsel. I'm not sure that the same analysis applies to determining that as it does to determine ineffective assistance under the Sixth Amendment, under Strickland. The question is just, did you get a reasonable level of assistance? But assuming that the analysis is at least parallel or analogous to the Strickland analysis, yes, there has to be some showing of prejudice that this would have made a difference. But the difference it would have made is that there would have been then at least a reasonable possibility that there would have been conflicting evidence on this question. And the trial court then would have been in a position of having to decide who is more believable about that question. And here, to take the other position would be to say, well, since the question was never asked, we don't know what the answer is. I can't submit an affidavit from Mr. Ross at this point saying, the state tried to submit an affidavit from Mr. Weinberg on appeal saying, oh, yeah, if I had been called to testify, I would have said, no, I never told him anything wrong about the good time credit. And this court denied that affidavit. So I wouldn't be able, this court, we can't present evidence to this court. Well, under your scenario, you're creating even a higher standard for defense counsel at the post-conviction hearing than you do where there's constitutional protection at trial. You're saying, well, if it might have been different if you'd asked the question, then that's ineffective under this thing where at trial, where there is a constitutional right to effective assistance to counsel, the Strickland standard applies, right? And you want to apply even a tougher standard and get more protection for the defendant in a hearing where he has no constitutional right to counsel. And how does that work? Well, I know my time's up, but may I just answer that? You can. I would disagree that it's a tougher standard. I think it's just a different question. The question is, did post-conviction counsel perform reasonably by failing to support an allegation that his client made, that he adopted, that the state told him needed more support? And we cannot speculate. It's impossible to show prejudice where there's no. The prejudice here is if you took the analogous case of the Sixth Amendment violation and a question wasn't asked, say, about an alibi or something like that, you would have to develop a record showing a reasonable probability that the outcome would have been different. And in that context, you'd have to analyze, well, what would the alibi testimony have shown? What was all the other evidence? And is there a reasonable probability that if the alibi testimony had been presented, the jury would have believed it and would have reached a different verdict? Well, here, I think where you have no evidence at all, there is at least a reasonable probability that had counsel done what he should have done, provide an affidavit or have Mr. Ross testify, we would have had a different result at the evidentiary hearing with respect to this claim. So for the reasons that I've stated in the brief, I'd first ask that you simply reverse the order denying the petition and allow Mr. Ross to withdraw his plea or any alternative to remand it for a further evidentiary hearing. Thank you, Mr. Rogers. I do have a question, but I'm going to go ahead and let Mr. Leonard proceed. And if he doesn't answer it for me, then I'll come back to you. May it please the court, counsel, the people's position is that the defendant failed to make a substantial showing at the evidentiary hearing of ineffective assistance of counsel. He is entitled to only reasonable assistance of counsel at the post-conviction hearing. The attorney provides reasonable assistance under Supreme Court Rule 651C. If he consults with the petitioner, if he reads the record of the trial transcript below, and if he makes any amendments to the post-conviction petition. Here, this defendant kind of got lucky because his post-conviction petition, there was no notarized affidavit. So he made it to the evidentiary hearing stage, but he failed to present any evidence of what his defense attorney told him or that he would have not pled guilty if he would have received correct advice. The defendant simply abandoned his claim. It's his burden at the evidentiary hearing to come forward and give testimony. All he had to do was take the stand or tell the trial judge, this is what my attorney told me and that's why I pled guilt. So he doesn't have an attorney at the third stage, is that correct? He did have an attorney at the third stage. Well, you told me what reasonable assistance was. You said, hey, all I have to do is talk to the guy and look at what he filed in the first stage, kind of spruce it up a little bit so the state has to respond. Did I wash my hands of it? No, that's the minimal effort that the reasonable assistance requires. I see. No, so I'm right then. You're right. The answer is yes, that's all. Yes. And he washes his hands. Does he have to show up for that hearing, that evidentiary hearing? Yes, he should show up. Why does he have to do that then? That would be an ethical responsibility, I believe, that he should do his best to represent the defendant at the evidentiary hearing. And what might that do his best mean? Do his best? Would it mean like I put that claim in that when I spruced it up for the state to respond? He probably should have done that, but it was not his burden. It was the defendant's burden to tell the lawyer this is what the defendant told me, the defense attorney told me, and I would not have pled guilty if he would not have given me that advice. Wait a minute. I thought that was in the claim. That was in the claim, but it was not. The claim that was revised and worked on by his appointed counsel in the PC, right? Yes. Okay. But that's sufficient to get him to the third stage of the... I know, but you're telling me that the attorney's got to walk into the hearing room with him and do something too, right? Yes, he should. He should. You're telling me ethically he should. Ethically he should, yes. But here he received reasonable assistance of counsel. And you don't consider under the reasonable assistance that when he's sprucing up documents that that would be to make sure his claim's in order, that the affidavit is properly executed and sworn? I mean, you don't see that as part of what is reasonable to get his claim in order and to move it to that third stage? He probably should have done that, but we get to the evidentiary hearing and now it's the defendant's burden to tell the attorney this is what happened and testify and show some evidence at that hearing. I believe he did give reasonable assistance. How do we know he didn't do that? Do what? Tell his attorney. Well, he probably did, but he either abandoned that claim. Now we're speculating, aren't we? No, we're not speculating. He has to present some evidence at the evidentiary hearing, and he did not do that. Yeah, but I'm still packed with the idea that sitting next to him is an attorney who has an ethical duty to represent his client. Yes. Correct? Yes. And he's drafted and amended this document, even though it may be deficient. Yes. And there's a claim there in that document, right? Yes. And he doesn't put his client on the stand before the court? He did put his client on the stand. Yes. This question was never asked. Yeah, that's what I mean. Yes. Well, this defendant is already found guilty. He's not entitled to effective assistance of counsel, strictly. Do you think anybody out in the street would call that reasonable? I think it would be reasonable. Only lawyers are making that difference, I think. It's reasonable. Ineffective, reasonable. Well, that's what the law is, and we're kind of stuck with that. The issue here is whether it be— Reasonable is not effective. Reasonable is effective, or how does that work? Reasonable is less than effective. Is less than effective. Yes. Because the defendant is already found guilty. You've got to realize that, to the ordinary moralist, that's a laughable metaphor, isn't it? It could be, yes. But we have to understand that the defendant was— And only the courts fight about that. Yes. Okay. And the reasonable assistance is kind of a not issue, because he received what he was entitled to under the post-conviction counsel. The defendant failed to make a substantial show. It's the defendant's burden. But from a purely procedural standpoint, when he is physically in court and he is represented by counsel and he is on the witness stand and he's testifying and those questions are being asked, they're being asked by his attorney to him. Yes. And if, you know, he just starts blurting out testimony or narrative, I don't know that the trial court is going to allow him to do that. They're going to say, Mr. Ross, you are represented here today by counsel. Yes. And so isn't it, if you have made the claim, now you've gotten to this point and you have an attorney, to say he's got the burden is right and those questions weren't asked, but they're sort of acting in tandem together. The question not being asked is perhaps you say him not meeting the burden, but is it the responsibility of him to say to his attorney, now, before I end my testimony, I want to make sure you ask me this question, or is that falls under the ethical requirements of the attorney to say, no, this is the claim he's making. Now, I have to do my best to get this claim in front of the court. You know, you say, well, the question wasn't asked. Well, that's what his claim centered on. I mean, I don't know how else he was going to get it there, now that he has an attorney who is charged with getting that information out. Yes. Well, he provided reasonable assistance through that. We're just speculating. I would say if I was the D.C. attorney that I would have an ethical duty, just myself, that I would put that on the stand. Perhaps it was a strategic decision because maybe he was afraid of the answer that he might get because the defendant would say, well, you told me this advice and it was wrong. Well, Mr. Weinberg's on the stand. The state's going to come back and say, well, no, that's not what I told him. Okay. How would that be? What's he got to lose? I mean, where's the strategy there? Weinberg's on the stand. He gets a P.O. as he gets to this stage. He what? He gets to P.O. and he gets to this stage. That would be his benefit. Let's look at what the judge said. Let me ask you this. Does effective assistance to counsel include the duty to suborn perjury? It does not. Pardon? It does not. So if the lawyer were to go, we've got nothing to do but speculate here on this record, right? Yeah. So if the lawyer went and talked to the guy and said, hey, by the way, Mr. Defendant, you came up with this story 13 years after the fact. Well, I know, but what have I got to lose? I'm going to do something. Well, okay, you just told me. So he didn't say that? No. And by the way, he's going to deny it. I know, but what have I got to lose? Well, you just told me that's a lie, so I can't represent. So if you're going to say that, I am going to have to lose. Correct. Or we can just let it alone. And by the way, if you do say you're going to lose because the lawyer, your former defense lawyer, is going to deny ever telling you that, the judge is not going to believe you. And by the way, you're not in prison for jaywalking, and the state really thinks you're a bad guy, and you've already served a real significant portion of your sentence. Do you want to take the risk also of the state coming back and charging you with perjury and adding some more time as you're starting to maybe see the light at the end of the tunnel? Now, granted, it's all speculation. Yes. But again, when you look at who's got the burden of proof here. In effect, it's not the attorney that has the burden of proof. So we've done some speculation. The trial judge, what he denied, the reason he gave for denying the defendant's petition is, I don't think that your petition is credible, the allocations in your petition is credible. Well, isn't the purpose of the second stage to talk to the defendant? And the attorney is now taking the claim and putting it in a recognizable state so that evidence can be taken. Now, isn't it reasonable that that same colloquy that Justice Smith was talking about took place at the second stage, and it'd be suborning perjury or brought on the court if you put that claim in? You ask me the same conversation at the second stage? Yeah, that would be true. And that didn't happen, or did it? We don't know. Well, no, we saw the claim didn't we? We saw the written document. Yes. And it was still in existence, wasn't it? It was, yes. Okay, I think that undercuts that at the third stage, suborning perjury argument. Well, I think... Because doesn't the attorney have the same obligation in drafting that? In drafting the... The claim at the second stage? Yes, the attorney should not suborn perjury, and he didn't in this case. So the inference that he didn't ask that question because suborning perjury doesn't seem that reasonable as an explanation. Well, we don't know. Well, no, we don't, but I'm just countering that. Yes. Okay. So just to reiterate the people's position, it was the defendant's burden, not his attorney's burden, to bring this to the evidentiary hearing. The trial judge found anyway that the defendant's claims were not credible. I ask that this court, while the standard of review here is deferential as whether it had manifested or occurred, I don't think this court, based on this record, can say that the trial judge's decision was against the manifest way of doing things. Thank you, Mr. Rodgers. Mr. Rodgers, I want to follow up with the question that I had previously, and that is, even if we find that it was ineffective assistance at the third stage and we accept all of the defendant's arguments as true, isn't the underlying problem that in order for us to find prejudice that there also has to be a claim that he had some type of a plausible defense or something other than this misinformation that would have gotten him, given him reason to go to trial? No, I don't think that's correct. I think during Hill v. Lockhart, the United States Supreme Court, the question is whether there is anything that caused the guilty plea to be involuntary. And if you have ineffective assistance of counsel during the guilty plea hearing, and that ineffective assistance induces you to plead guilty, then that is sufficient. You don't have to show that you would have won at the trial. You just have to show that you would not have pled guilty. That an objectively reasonable person would have gone to trial. That's correct. However, I would have rejected the deal. Right, and the defendant alleged that. But actually, we don't even get there because we've got to show that had he done this, that it's likely that this trial judge would have granted the post-conviction, would have granted him relief here. Well, the very reason we can't do that is because Mr. Nieman failed to do what Mr. Leonard admits he should have done. Mr. Leonard's position, as I understood it to say, is that… But if he had done it, if he had done it, okay, 13 years later, this guy says this. Now, let's be serious. The likelihood that the trial judge would have believed the defendant over when his counsel said, I didn't tell him that, is somewhere around 0.001. Don't you think? No, I don't. And, you know, again, with all due respect, and my personal experience isn't really relevant, but I've done trial work, and so I know what that's like, and I know where you're coming from, Your Honor. But it would be a legitimate, if I was post-conviction counsel, I certainly would say to Mr. Ross, look, why did it take you 13 years to do that? They're going to hammer that. You have to explain that. And for all we know, Mr. Ross says, you know what? I never knew that was incorrect because this has to do with the credit statute and when it applied and how much credit applied for this particular crime at this particular time, and only after hearing from some jailhouse lawyer did I find out that that was wrong. I knew all along he told me that, but I never knew that that was wrong. And that's the problem. Now, to get to the point about suborning perjury, and I think Justice Holder has addressed this, is that Mr. Neiman, on March 22, 2012, filed an amended petition that incorporated the prior pro se amended claims that included this particular claim. And at the same time, Mr. Neiman submitted his Certificate of Compliance of Rule 651C, in which he said he made all the amendments that were necessary to support the claims. Did you ever try cases in a trial court? Pardon me? Did you ever try cases in a trial court? Yes. Okay. Did you ever have a client come in and tell you something on the morning of trial that they'd never told you before? Probably. I can't remember the specifics, but this wasn't the morning of. I found it rather routine. Well, if you're suggesting that on the morning of the evidentiary hearing this happened, well, we don't know. Exactly. But then if Mr. Neiman, as an ethical attorney and providing reasonable assistance, an officer of the court should have said to the court, I'm orally amending my amended petition to withdraw that claim. He has absolute control over what he puts in that pleading. The defendant cannot have an attorney and file a pro se pleading. Once he has the attorney, the attorney has absolute control over what claims he wants to raise. Absolutely right. Thank you. And by not telling the court, I'm withdrawing that claim, he is implicitly continuing to adopt it. And if he knew that that claim was false and he couldn't support it, he should have withdrawn it. Well, and again, And then we wouldn't have the problem we're having today. I want to grant you that my scenario is speculation-cubed, okay? But the point of it is, is on this record, we don't know. And I think we agree that it's your burden of proof to say that if the post-conviction counsel had it done, but you asked the questions, you said he should have, that it is likely that the result would have been different. And that seems to me to be the rough road to home. I understand what Your Honor is saying, but the problem is that we wouldn't be in this position if Mr. Neiman had done what even Mr. Leonard agrees he should have done. Then the trial court, we'd have a record. The trial court would have been able to make a factual determination. You'd be able to determine whether that was manifestly erroneous, and that would be it. I don't think it's appropriate to speculate-cubed or otherwise about what would have happened if Mr. Neiman had done what he should have done. So, thank you. Thank you, Your Honor. You're welcome. Thank you both for your arguments here today. This matter will be taken under advisement, and a written decision will be issued as soon as possible. And right now we will stand for a brief recess for appeals.